IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 14-540 |
| SILVER BUCKMAN (01) | : | |
| VINCENT FOXWORTH (02) | : | |
| CYNTHIA FOXWORTH (03) | : | |
| DANETTE THOMAS (04) | : | |
| BYRON WHITE (05) | : | |

**SURRICK, J.**                                                                                  **OCTOBER  2 , 2015**

### MEMORANDUM

Presently before the Court is the Government's Motion *in limine* to Admit Prior Testimony of Margaret Brock (ECF No. 142). For the following reasons, the Motion will be denied**.**

**I.     BACKGROUND**

On September 30, 2014, a grand jury returned a 12-Count Indictment charging Defendants Silver Buckman, Vincent Foxworth, Cynthia Foxworth, Danette Thomas, Byron White, and Franklin Busi with crimes related to a conspiracy to commit bank and wire fraud. (Indictment, ECF No. 1)[1] Specifically, Defendants are charged with: (1) conspiracy to commit bank and wire fraud, in violation of 18 U.S.C. § 1349; bank fraud, in violation of 18 U.S.C. § 1344; and wire fraud, in violation of 18 U.S.C. § 1343.  (*Id.*)[2]

---

[1] In May 2015, Defendant Franklin Busi entered a negotiated guilty plea.

[2] Count 1 charges all Defendants with conspiracy to commit bank and wire fraud.  Counts 2 through 7 charge various Defendants with bank fraud, and Counts 8 through 12 charge various Defendants with wire fraud.

### A.     Factual Background

In the Indictment, the Government alleges that Defendants engaged in a scheme to defraud by making false representations to vulnerable homeowners facing foreclosure. The false representations related to Defendants' purported mortgage rescue program, under which Defendants offered homeowners the opportunity repair their credit, or to obtain money in the form of equity, by selling their homes pursuant to a sale-leaseback arrangement. The Government also alleges that Defendants made false representations and omissions of material fact to lending institutions in furtherance of the fraudulent scheme. As a result of this "sham mortgage rescue program" (Gov't's Mot. 1, ECF No. 142), Defendants obtained approximately $3,787,600 in mortgage proceeds.

One of the mortgages at issue in the conspiracy count involved the purchase of 1611 Swain Street, Philadelphia, PA from Margaret and Alfonzo Brock in 2007. (Gov't's Mot.; *see* Indictment 25-26.) Ms. Brock was deposed in connection with a related civil action that was filed on behalf of certain homeowners. Byron White and other Defendants were named as defendants in the civil suit. Ms. Brock's deposition testimony in that civil action is the subject of the instant Motion. Defendant White was not represented by counsel in the civil action, and was not present for Ms. Brock's deposition. Mr. Brock has passed away.

### B.     Procedural History

On November 20, 2014, an Order was entered setting the deadline of May 1, 2015, for the parties to file any pretrial motions. (ECF No. 54.) On September 29, 2015, nearly five months after the pretrial motion deadline, and less than a week prior to the start of trial, the Government filed the instant Motion *in limine* to Admit Prior Testimony of Margaret Brock. On September 30, 2015, Defendant Byron White filed a Response in opposition to the Motion.

(White Resp., ECF No. 147.)  All Defendants have joined in opposition to the Government's Motion.  (*See* White Resp. 6 n.1.)

Trial is scheduled for October 5, 2015.  (ECF No. 56.)

## II.    DISCUSSION

The Government seeks to admit the prior, sworn testimony of Margaret Brock from a deposition conducted on June 20, 2011 in preparation for a civil action filed against all Defendants in this matter.  (Gov't's Mot. 1-2.)  The Government contends that Ms. Brock is unavailable to testify in this criminal trial due to advanced dementia.  (*Id.* at 2.)  It asserts that her testimony should be admitted pursuant to Federal Rule of Evidence 804(b)(1), under the former testimony hearsay exception.  (*Id.* at 3.)

Federal Rule of Evidence 804(b) provides exceptions to the hearsay rule due to a declarant's unavailability at trial.  Under Rule 804(b)(1), former testimony is admissible under the following conditions:  "(1) the declarant must be unavailable; (2) testimony must be taken at a hearing, deposition, or civil action or proceeding; and (3) the party against whom the testimony is now offered must have had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination."[3]  *Kirk v. Raymark Indus., Inc.,* 61 F.3d 147, 164 (3d Cir. 1995).  "Because Rule 804(b)(1) requires the party against whom the prior testimony is offered to have had a 'similar motive' to develop the declarant's testimony, not merely the opportunity to do so, evidence that is admissible under Rule 804(b)(1) necessarily satisfies a defendant's Confrontation Clause rights."  *United States v. Paling*, 580 F. App'x 144, 148 (3d Cir. 2014).  "[I]t is the proponent of the statement offered under Rule 804 who bears the burden of proving the unavailability of the declarant."  *Kirk*, 61 F.3d at 165.

---

[3] Only the first and third elements are in contention.  Therefore, we will not discuss the second element in our analysis.

### A. The Declarant's Unavailability

The Government contends that "[D]efendants concede that Margaret Brock is unavailable." (Gov't's Mot. 4.) In their Response to the instant Motion, however, Defendants assert otherwise, arguing that the Government "has produced no evidence demonstrating that Mrs. Brock is currently unavailable." (White Resp. 3.)

Although the Government states that it is prepared to offer testimony from Ms. Brock's son and caregiver, Alfonzo Brock, "who can explain the extent of her physical and mental impairment" (Gov't's Mot. 4 n.2.), such lay testimony does not provide the objective medical support necessary to establish Ms. Brock's unavailability as a witness. *See Finizie v. Principi*, 69 F. App'x 571, 573 (3d Cir. 2003) ("We require the party seeking to introduce hearsay testimony based on medical unavailability to provide objective medical support for its claim that a witness is ill or infirm."); *see also Complaint of Bankers Trust Co.*, 752 F.2d 874, 888 (3d Cir. 1984) (concluding that a declarant cannot be found unavailable for Rule 804 purposes when there are "no affidavits or other information supporting the assertion of medical disability."); *DeSanto v. Rowan Univ.*, 224 F. Supp. 2d 819, 831 (D.N.J. 2002) (holding that letters written by doctors asserting a declarant's "diagnosis of dementia" and permanent disability were too "vague" to find him "unavailable to testify"). The Government has not produced any objective medical evidence to support a finding that Ms. Brock is currently "ill or infirm" and has little chance of recovery.

### B. Opportunity and Similar Motive to Develop Testimony

The Government contends that Defendants had an opportunity and similar motive to cross-examine Ms. Brock at the civil deposition because they were provided with notice of the deposition, and that this is substantiated by Magistrate Rice's finding in the civil trial. (Gov't's

Mot. 4-6.) In addition, the Government asserts that the issues presented in the civil case were substantively similar to those presented in the current criminal matter. (*Id.* at 6-7.) Defendants argue that they were not provided with the opportunity to cross-examine Ms. Brock during her deposition testimony because they never received notice of her deposition. (White Resp. 5-6.)

Here, it is alleged that Defendants engaged in a scheme to defraud by targeting financially-vulnerable homeowners whose homes faced foreclosure, and offered to improve their credit, save their homes from foreclosure, or provide them with money from a lease-buyback program. The civil action preceding this criminal case was filed on behalf of the homeowners to recover damages resulting from Defendants' alleged fraudulent activity. *See* Pl.'s Compl. Ex. A, *Brock v. Thomas*, No. 10-687 (E.D. Pa. Feb. 18, 2010). It is reasonable to conclude that the Defendants' motive to develop Ms. Brock's testimony is similar in both the civil and criminal actions. *See, e.g., Paling*, 580 F. App'x 144, 150 (3d Cir. 2014) (holding that although a defendant's motive to develop testimony at a civil trial alleging mortgage fraud may not have been "identical" to the motive in a related criminal trial, it was "sufficiently similar for purposes of Rule 804(b)(1)").

However, turning to the question of whether Defendants were afforded a full and fair opportunity to act on that motive by developing Ms. Brock's testimony through cross-examination, the Government would like us to infer that, because Magistrate Rice found that Defendants received a mailed notice of Ms. Brock's deposition, they had an "unrestricted opportunity to cross-examine Margaret Brock at her deposition." (Gov't's Mot. 6.) Although we defer to Judge Rice's factual determination that Defendants were afforded notice of the

deposition[4], we cannot conclude that Defendants were afforded sufficient opportunity to develop Ms. Brock's testimony.

Defendants are guaranteed "an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985) (emphasis in original).  However, the opportunity requirement is generally not satisfied unless "the defense is given a full and fair opportunity to probe and expose [the] infirmities [in a declarant's testimony] through cross-examination, thereby calling to the attention of the factfinder the reasons for giving scant weight to the witness' testimony." *Id.* at 22.

Here, there are questions as to the veracity of Ms. Brock's deposition testimony due to dementia.  The Government concedes that "Margaret Brock did indeed suffer some difficulty in recalling details" during the deposition.  (Gov't's Mot. 7.)  There is no indication as to whether any of the Defendants had knowledge of Ms. Brock's condition at the time the deposition was taken.  Therefore, even with a finding that Defendants received notice of the deposition, it has not been demonstrated that they were given a "full and fair opportunity" to expose infirmities in the testimony taken outside of their presence.

Moreover, none of the Defendants in this criminal case have waived their Sixth Amendment right to counsel.  Several of the Defendants, including Mr. White and Ms. Thomas, were not represented by counsel in the civil action.  Even if Defendants had been present at Ms.

---

[4] Defendants argue that the Magistrate's finding of notice and opportunity in the civil trial should not be given any weight because the Confrontation Clause of the Sixth Amendment does not apply to civil actions. (White Resp. 6.)  Federal Rule of Evidence 804(b) applies to both civil and criminal and criminal actions, and it is "more restrictive than the Confrontation Clause as interpreted by the Supreme Court in *Crawford* . . . ."  *Paling*, 580 F. App'x 144, 148 (3d Cir. 2014).  Therefore, Magistrate Rice's finding of notice and opportunity can be afforded some deference.

Brock's deposition, their opportunity to probe the witness would not have been sufficient for criminal purposes. *See Pointer v. Texas*, 380 U.S. 400, 407 (1965) ("Because the transcript of [the declarant's] statement offered against [the defendant] at his trial had not been taken at a time and under circumstances affording [the defendant] *through counsel* an adequate opportunity to cross-examine [declarant], its introduction in a federal court in a criminal case against [defendant] would have amounted to denial of the privilege of confrontation guaranteed by the Sixth Amendment." (emphasis added)); *see also Idaho v. Wright*, 497 U.S. 805, 815 (1990) ("[T]he testimony at the preliminary hearing bore sufficient indicia of reliability, particularly because *defense counsel* had had an adequate opportunity to cross-examine the declarant at the preliminary hearing." (emphasis added)); *United States v. DeGideo*, No. 04-100, 2004 WL 1535783, at *3-4 (E.D. Pa. June 18, 2004) ("The Supreme Court has held that if a witness is unavailable, his prior testimony is admissible if given under the circumstances similar to a trial . . . *the defendant is represented by counsel who is in fact the same counsel at trial* . . . ." (emphasis added) (citing *California v. Green,* 399 U.S. 149, 165 (1970)). Under these circumstances we cannot conclude that Defendants have had a full and fair opportunity to develop the testimony of Ms. Brock for their pending criminal trial.[5]

---

[5] Because the Government has not met its burden in demonstrating that Ms. Brock's deposition testimony satisfies the Rule 804(b) hearsay exception, we need not reach the issue of whether Rule 403 should preclude Ms. Brock's testimony on the grounds that it is unreliable and, therefore, unfairly prejudicial.

### III.    CONCLUSION

For the foregoing reasons the Government's Motion *in limine* to Admit Prior Testimony of Margaret Brock will be denied.

An appropriate Order will follow.

BY THE COURT:

_____
**R. BARCLAY SURRICK,   J.**