IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 14-540 |
| SILVER BUCKMAN | : | |

**MEMORANDUM**

SURRICK, J. FEBRUARY 1, 2019

Presently before the Court is Defendant Silver Buckman's Motion for Release Pending Appeal (ECF No. 334). For the following reasons, the Motion will be denied.

**I. BACKGROUND**

Defendant Silver Buckman was found guilty of conspiracy to commit bank fraud and wire fraud and substantive counts of bank and wire fraud. She was sentenced to a term of 42 months imprisonment and five years' supervised release. She now seeks to remain on bail pending appeal to the Third Circuit Court of Appeals, pursuant to the Bail Reform Act of 1984, 18 U.S.C. § 3143. On appeal, Defendant contends that her trial counsel was so ineffective that she was denied a fair trial. We already considered this argument at length in our August 4, 2017 Memorandum denying Defendant's motion for a new trial. As a result, Defendant has failed to meet her burden in establishing that she is entitled to a release pending appeal.

The facts of this case are set forth in detail in the Court's Memorandum denying Defendant's motion for a new trial. *See generally, United States v. Buckman*, No. 14-540, 2017 WL 3337154 (E.D. Pa. Aug. 4, 2017). Briefly, on October 29, 2015, a jury found Defendant Silver Buckman guilty on all 12 counts charged against her: conspiracy to commit bank and wire fraud, in violation of 18 U.S.C. § 1349 (Count 1); bank fraud, in violation of 18 U.S.C.

§ 1344 (Counts 2 through 7); and wire fraud, in violation of 18 U.S.C. § 1343 (Counts 8 through 12). (Indictment, ECF No. 1.)[1] The charges and evidence centered on Buckman's orchestration of a scheme to defraud homeowners and lending institutions in lease-buyback transactions, pursuant to which she obtained $3,787,600 in mortgages from federally insured and non-federally insured financial institutions.

On January 9, 2019, Defendant was sentenced to 42 months imprisonment and five years of supervised release. She was released on bail and advised to self-surrender at the Institution designated by the Bureau of Prisons on February 25, 2019. (Min Entry, ECF No. 325.)

On January 15, 2019, Defendant filed this Motion for Release Pending Appeal. (Def.'s Mot., ECF No. 334.) On January 24, 2019, the Government filed a Response in Opposition to the Motion. (Gov't's Resp., ECF No. 343.)

## II. DISCUSSION

Detention or release on bail pending appeal is governed by statute. Specifically, under 18 U.S.C. § 3143(b), a judicial officer:

> shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal . . . be detained, unless the judicial officer finds—
>
> (A) By clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ; and
>
> (B) That the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—

---

[1] Defendant was charged with five co-defendants. Defendant Franklin Busi entered a negotiated plea with the Government prior to trial and testified as a Government witness. Defendants Danette Thomas and Byron White were acquitted of all charges brought against them. Defendant Vincent Foxworth, Defendant's father, was found guilty on Counts 1, 3, 4, 6 through 9, 11, and 12, and not guilty on Count 2. He was sentenced to a term of 12 months and one day and five years' supervised release. Defendant Cynthia Foxworth, Defendant's mother, was found guilty on Counts 1, 4, 9, and not guilty on Counts 2, 3, and 8. She was sentenced to a term of one day imprisonment and five years' supervised release.

(i) reversal,
(ii) an order for a new trial,
(iii) a sentence that does not include a term of imprisonment, or
(iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b).

In the Third Circuit, there is a presumption against bail pending appeal. *United States v. Miller*, 753 F.2d 19, 22 (3d Cir. 1985) ("Once a person has been convicted and sentenced to jail, there is absolutely no reason for the law to favor release pending appeal or even permit it in the absence of exceptional circumstances." (quoting H.R. Rep. No. 91-907, at 186-87 (1970))). To overcome that presumption, the Defendant must establish:

(1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released;

(2) that the appeal is not for purpose of delay;

(3) that the appeal raises a substantial question of law or fact; and

(4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.

*United States v. Fattah*, 224 F. Supp. 3d 443, 446 (E.D. Pa. 2016) (quoting *Miller*, 753 F.2d at 24). Defendant has the burden of proving each of these elements. *Miller*, 753 F.2d at 24; *United States v. Hallinan*, 318 F. Supp. 3d 728, 732 (E.D. Pa. 2018).

The first element is not at issue here. We determined at Defendant's sentencing hearing that Defendant is not likely to flee, and that she does not pose a danger to the safety of others or to the community. The Government does not dispute that this first element is met. (Gov't's Resp. 5 ("Buckman does not present a risk of flight or danger to the community.").) The second

3

element is also not at issue.[2] There is no evidence that Defendant filed an appeal of her conviction and sentence for the purpose of delay. She raises the same issues on appeal that she raised in her post-trial motion. Our discussion will focus on the third and fourth elements of the standard.

With regard to the third and fourth elements of *Miller*, we must determine whether Defendant's appeal raises a "substantial question" which is "likely to result" in reversal or a new trial. *Miller*, 753 F.2d at 24. A question raised on appeal is "substantial" if "the significant question at issue is one which is either novel, which has not been decided by controlling precedent, or which is fairly doubtful." *Id.* at 23. "Fairly doubtful means 'debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further." *Hallinan*, 318 F. Supp. 3d at 732 (quoting *United States v. Smith*, 793 F.2d 85, 89 (3d Cir. 1986)). A substantial question "is one of more substance than would be necessary to a finding that it was not frivolous." *Smith*, 793 F.2d at 89 (quoting *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985)). Finally, as to whether the substantial question is likely to result in reversal or a new trial, we must find that "the question is so integral to the merits of the conviction on which defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial." *Miller*, 753 F.2d at 23.

As to the substantial question element, Defendant states that "[t]he appeal will raise substantial questions of fact and law as it will address whether Ms. Buckman had ineffective assistance of counsel and examine trial counsel's behavior before and throughout the trial."

---

[2] Although the Government disputes that Defendant has established this element, it has not provided any explanation other than to simply state that Defendant "is clearly seeking a delay of her sentencing." (Gov't's Resp. 5.)

(Def.'s Mot. 3.) Defendant raised this argument in her post-trial motion for a new trial citing both *United States v. Cronic*, 466 U.S. 648 (1984), and *Strickland v. Washington*, 466 U.S. 668 (1984). Specifically, Defendant argued that she was denied legal counsel at a critical stage of the proceeding, and that her trial counsel "entirely failed to subject the prosecution's case to meaningful adversarial review." *Buckman*, 2017 WL 3337154, at *4 (quoting *Cronic*, 466 U.S. at 659).

In our Memorandum denying Defendant's post-trial motion, we concluded that Defendant was not denied counsel at a critical stage of her trial proceedings simply because her counsel failed to attend two meetings between counsel for the Government and counsel for her co-defendants. *Id.* The meetings did not constitute "critical stages" of proceedings under *Cronic* and its progeny. *Id.* at 4-5. We also concluded that Defendant was not constructively denied legal assistance at trial. Specifically, we stated:

> [Defendant's] trial counsel filed pleadings on the docket, made objections, cross-examined Government witnesses, called character witnesses, and made arguments during the course of the trial. His performance was sufficient to challenge the Government's case-in-chief, and subject it to a meaningful adversarial testing.

*Id.* at 6. Finally, we determined that even if Defendant had shown that her counsel's performance was somehow deficient, she was not prejudiced in any way. "The evidence of [Defendant's] guilt was overwhelming." *Id.* at 7. It included over 50 witnesses and over 300 exhibits presented during nearly four weeks of trial. *Id.* After summarizing only some of this evidence in our Memorandum, we concluded that given the totality of the evidence, Buckman had failed to establish any reasonable probability that but for the alleged deficiencies in her counsel's preparation and performance, the outcome of the proceeding would have been different. *Id.* (citing *Strickland*, 466 U.S. at 694).

The issues raised by Defendant are not novel and they are not fairly doubtful. Defendant received a fair trial. The evidence of her guilt was staggering. As we detailed in our Memorandum denying Defendant's post-trial motion, Defendant's arguments were baseless. Defendant has not met her burden of establishing that her appeal raises a "substantial question" which is "likely to result" in reversal or a new trial. Accordingly, her request to remain on bail pending the outcome of her appeal must be denied.

## III. CONCLUSION

Based on the foregoing, Defendant's Motion for Release Pending Appeal will be denied. An appropriate Order follows.

BY THE COURT:

_____
R. BARCLAY SURRICK, J.